RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 11/04/05
BY JDB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION<br>NO. CR95-30024-002 |
| VERSUS | |
| WELTON L. WRIGHT | JUDGE TUCKER L. MELANÇON<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 by petitioner Welton L. Wright ("Wright") on March 3, 2005 (Doc. Item 556). Wright is contesting his 1996 convictions and sentences, in the United States District Court for the Western District of Louisiana, Monroe Division, on five counts of drug offenses. Wright was sentenced to a total of 324 months imprisonment (Doc. Item 336). Wright's convictions and sentences were affirmed on appeal (Doc. Item 421). U.S. v. Kelley, 140 F.3d 596 (5th Cir.), cert. den., 525 U.S. 880, 119 S.Ct. 186 (1998).

Wright filed a previous Section 2255 motion in 2001 (Doc. Item 497), which was denied by the District Judge (Doc. Item 526) and on appeal (Doc. Item 544). Wright's current Section 2255 motion is, therefore, his second motion.

The approval provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA") allocates subject matter jurisdiction

to the courts of appeal by stripping the district courts of jurisdiction over a second or successive habeas petition or Section 2255 motion unless and until the court of appeal has decreed that it may go forward. This statutory directive means that a district court faced with an unapproved second or successive habeas petition or Section 2255 motion must either dismiss the petition (without prejudice) or transfer it to the appropriate court of appeal. Pratt v. U.S., 129 F.3d 54, 57 (1st Cir. 1997), citing Nunez v. U.S. 96 F.3d 990, 991 (7th Cir. 1996); Benton v. Washington, 106 F.3d 162, 164-65 (7th Cir. 1996), Liriano v. U.S., 95 F.3d 119, 122 (2d Cir. 1996). See also, In re Epps, 127 F.3d 364, 365 (5th Cir. 1997) (district court must also direct the Clerk of Court's office to notify the petitioner/movant that a motion for authorization must be filed with the court of appeal).

Since Wright filed his second Section 2255 motion in this court without prior approval from the Fifth Circuit, Wright's motion should be dismissed without prejudice.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED THAT Wright'S Section 2255 motion be DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER RECOMMENDED that the Clerk of this court be directed to notify Wright (1) that he must file in the Fifth Circuit Court of Appeals a motion pursuant to Section 2244(b)(2) within 30 days from the date of the Clerk's notice, and (2) if he

2

fails to file such a motion within that time, an order will be entered denying authorization. The Clerk shall further notify Wright that, to be successful, his motion must make a prima facie showing that either (1) his claim relies on a new rule a constitutional law that was made retroactive by the Supreme Court and was previously unavailable, or (2) the factual predicate for the claim could not have been discovered previously through due diligence and the underlying facts, if proved by clear and convincing evidence, would be sufficient to establish that a reasonable trier of fact would not have found the applicant guilty of the underlying offense. See §§ 2244(b)(2) and (b)(3)(C). Finally, the Clerk shall instruct Wright that the following documents should be attached to and filed with his § 2244(b)(3) motion:

> (1) A copy of the proposed § 2255 motion for which he is requesting authorization to file in the district court;
>
> (2) Copies of (a) all previous § 2255 motions challenging the judgment or sentence received in any conviction for which he is currently incarcerated; (b) all previous § 2241 petitions challenging the terms and conditions of his imprisonment; and (c) any complaint, regardless of title, that was subsequently treated by the district court as a § 2255 motion or a § 2241 petition;
>
> (3) All court opinions and orders disposing of the claims advanced in (2) above; and
>
> (4) All magistrate judge's reports and recommendations issues in connection with claims advanced in (2), above.

If, after due diligence and through no fault of his own, Wright is unable to procure any of the documents described above,

3

he should submit, in lieu of such documents, an affidavit describing the steps he has taken in efforts to procure them and explaining why he was unsuccessful.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 3rd day of November, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE