U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 0 8 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION<br>NO. CR95-30024 |
| VERSUS | |
| WELTON WRIGHT | JUDGE TUCKER L. MELANÇON<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is Welton Wright's[1] third motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Wright's first motion was dismissed with prejudice. United States v. Wright, 54 Fed.Appx. 797, 2002 WL 31845745 (5th Cir. 2002). In the Report and Recommendation addressing Wright's second motion, the undersigned recommended dismissal for failure to obtain certification by the Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A), which states:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of

---

[1] See United States v. Kelly, 140 F.3d 596 (5th Cir.), writ den., 525 U.S. 880, 119 S.Ct. 196 (1998)(case on direct appeal).

appeals for an order authorizing the district court to consider the application.

Wright again has not obtained certification form the Fifth Circuit, and has instead simply filed a third motion.

Since Wright's first petition was dismissed "with prejudice," the current petition is "second or successive." See Barrientes v. Johnson, 221 F.3d 741 (5th Cir. 2000), writ den., 531 U.S. 1134, 121 S.Ct. 902. The last paragraph of 28 U.S.C. § 2255 states:

> "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-
> (1) newly discovered evidence that, if proven viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense,; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Section 2244(b)(3)(A) provides,

> "Before a second or successive application permitted by this section is filed in the district court, the applicant *shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*"

(Emphasis added.) Section 2244(b)(3)(B) provides,

> "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals."

The requirement that the petitioner obtain authorization from the appellate court prior to filing in the district court is further reinforced in (b)(4), which states,

2

> "A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

Thus, *after* the Court of Appeal authorizes the petitioner to file his petition in the district court, the district court may then consider whether the petition is second or successive and, if so, whether it meets an exception to the procedural bar to consideration of the merits as set forth in Section 2255. The Fifth Circuit may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of Section 2244(b), or of Section 2255. 28 U.S.C. § 2244(b)(3)(C).

Therefore, to present a claim in a second or successive application, Wright must make a prima facie showing to the Court of Appeals that his application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2244(b)(2) and (3).

Since Wright has not moved for or obtained, from the Fifth Circuit Court of Appeals, an order authorizing this court to consider his latest Section 2255 motion to vacate, set aside or

3

correct sentence, it is recommended that Wright's case be dismissed without prejudice, and that the Clerk of Court be directed to notify Wright that a motion for authorization to his file his petition must be filed with the Court of Appeal. See <u>In re Epps</u>, 127 F.3d 364, 365 (5th Cir. 1997) (district court must also direct the Clerk of Court's office to notify the petitioner/movant that a motion for authorization must be filed with the court of appeal).

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Wright' Section 2255 motion be DISMISSED WITHOUT PREJUDICE for failure to obtain authorization from the Fifth Circuit prior to filing it in this court.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT**

**WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 8th day of June, 2006.

                                          JAMES D. KIRK
                                  UNITED STATES MAGISTRATE JUDGE