UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 95-30024 |
| VERSUS | JUDGE MELANÇON |
| WELTON L. WRIGHT (02) | MAGISTRATE JUDGE KIRK |

**ORDER**

Before the Court is Welton L. Wright's ("defendant") Motion Under 18 U.S.C. § 3582(c)(2) and Request for Extension of Time for Briefing [Rec. Doc. 593]. Defendant was convicted of one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 and four counts of distribution of cocaine base in violation of 21 U.S.C. § 841 (a)(1).  Relying on the then mandatory United States Sentencing Guidelines in effect at the time of sentencing, the Court sentenced the defendant to 324 months on the conspiracy charge and 240 months on the distribution charges to run concurrently.

Pursuant to the retroactive amendments to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2), defendant now moves for a reduction of his previously imposed sentence.  In his Motion [Rec. Doc. 593], counsel for the defendant states, "It appears undisputed that the top sentence for mover, if the proper guidelines would have been applied, would have been 120 months imprisonment."  However, this statement does not comport with the Court's preliminary re-calculation of the applicable guideline range.  Specifically, under the amended sentencing guidelines, defendant's guideline range is determined by

reference to USSG § 2D1.1(a)(3). That section provides that when an offense involves 1.5 kilograms or more of cocaine base, the applicable base offense level is 36. As defendant is responsible for 2,177.65 grams of cocaine base, this is the appropriate base level.[1] An increase of 3 levels is warranted, pursuant to USSG § 3B1.1(b), as defendant was a manager or supervisor of a conspiracy involving five or more participants. The total offense level, then, is 39.

For an offense level of 39 and a criminal history category of I, the applicable sentencing range is 262 to 327 months. *See* USSG, Chapter 5, Part A. Based on this calculation, were the Court to grant defendant's request for reduced sentence the "top sentence," pursuant to the now advisory guidelines, would be 327 months - not 120 months.[2] Further, were the Court to modify defendant's sentence to reflect the low-end of the new guideline range, defendant would still have more than 8 years left on his sentence and, despite counsel's statement to the contrary, would not be eligible for immediate release. However, as the Court has only conducted a preliminary inquiry concerning of the defendant's newly applicable guideline sentence, it is

**ORDERED** that counsel for the defendant submit, within fifteen (15) days from the date of this Order, a memorandum setting forth, *with specificity*, the basis of his assertion that the defendant is entitled to immediate release.

---

[1] This represents two-level departure from the defendant's original base level of 38.

[2] The Court notes that the statutory ***minimum*** sentence under 21 U.S.C. § 841 is 120 months while the maximum available sentence is life imprisonment. The newly amended sentencing guidelines have absolutely no effect on these statutorily prescribed sentencing restrictions.

**IT IS FURTHER ORDERED** that the United States Attorney for the Western District of Louisiana file its response to defendant's memorandum, if any there be, within ten (10) days after it is filed with the Court.

**THUS DONE AND SIGNED** this 2nd day of April, 2008 at Lafayette, Louisiana.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE