# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CR. A. NO. 95-30024-02 |
| VERSUS | JUDGE ROBERT G. JAMES |
| WELTON WRIGHT | MAG. JUDGE KAREN L. HAYES |

## RULING

This matter is before the Court for consideration under 18 U.S.C. § 3582(c)(2).

On September 4, 1996, Defendant Welton Wright ("Wright") was convicted by a jury of his peers of one count of conspiracy to distribute more than fifty (50) grams of crack cocaine and four counts of distribution of crack cocaine. Following Wright's plea, the United States Probation Office ("USPO") conducted a pre-sentence investigation and issued a Pre-Sentence Report. Through counsel, Wright raised objections to the Pre-Sentence Report. At a hearing on December 10, 1996, Judge Tucker Melancon denied Wright's objections and adopted the Pre-Sentence Report. Judge Melancon sentenced Wright to 324 months imprisonment on Counts 1, 5, 6, and 7 and 240 months imprisonment on Count 4, to run concurrently. A Judgment imposing that term of imprisonment was signed on December 16, 1996.

On November 1, 2007, the United States Sentencing Commission's ("the Sentencing Commission's") Amendment 706, as further amended by Amendment 711, to U.S.S.G. § 2D1.1, Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy, took effect. Amendment 706 generally reduces by two levels the base offense levels applicable to cocaine base or crack offenses in the Sentencing

Guidelines ("Guidelines"). On December 11, 2007, the Sentencing Commission voted in favor of applying the amendment retroactively to crack offenses, effective March 3, 2008. The Sentencing Commission also promulgated amendments to Policy Statement § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guidelines Range, which implemented the retroactive application of Amendment 706, as amended by Amendment 711, effective March 3, 2008.

After the Sentencing Commission's amendments to the base offense levels for crack, the Court began, *sua sponte*, to review defendants potentially affected by those amendments. Wright was identified by the USPO as a person whose sentence might be subject to reduction. Because Wright was sentenced in the Monroe Division, Chief Judge Richard Haik reassigned his case to the undersigned.

The USPO provided the Court with revised Guidelines calculations based on the amendments to Section 2D1.1. After a two-level reduction to his base offense level, Wright is subject to a term of imprisonment of 262-327 months on Counts 1, 5, 6, and 7, and 240 months on Count 4, to run concurrently with the other counts.

On September 17, 2008, the Court issued an order indicating its intent to issue an Amended Judgment reducing Wright's term of imprisonment to 262 months on Counts 1, 5, 6, and 7, and 240 months on Count 4, to run concurrently. The Court noted that the United States Attorney's Office and counsel for Wright had already filed briefs. However, it was unclear whether counsel was aware of the Court's intent at the time these briefs were filed. Therefore, the Court ordered the United States Attorney's Office and Louis Scott, the attorney representing Wright, to file supplemental briefs by October 17, 2008.

Counsel complied with the Court's Order and have filed briefs. The Government has no objection to the Court's proposed reduction and does not request a hearing. Wright moves the Court for a hearing and raises objections to the underlying calculations upon which his sentence was originally based. Specifically, Wright argues that the crack cocaine weight determination was incorrect and that he should not have received a three-point adjustment for his role in the offense.

**A.     Analysis**

Section 3582(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except that-
> ...
> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The decision regarding whether to reduce a sentence under 18 U.S.C. § 3582(c)(2) rests in the discretion of the district judge. *United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). However, the statute requires the Court to consider whether its proposed reduction is consistent with the Sentencing Commission's policy statements. In this case, the policy statement is contained in U.S.S.G. § 1B1.10, which provides:

> (b)     <u>Determination of Reduction in Term of Imprisonment</u>–
>
> (1)     <u>In General</u>.-In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been

3

> applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. **In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.**
>
> (2) Limitations and Prohibition on Extent of Reduction--
>
> (A) In General.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
>
> . . .

U.S.S.G. § 1B1.10(b)(1)-(2) (2008) (emphasis added).

The Court finds that it has no authority under § 3582(c)(2) to revisit other Guideline determinations made at the time of Wright's sentencing hearing. The Court's jurisdiction under § 3582(c)(2) is specifically limited to reductions "consistent with applicable policy statements issued by the Sentencing Commission," and, in this case, the policy statement contained in § 1B1.10(2)(A) is clear that the Court "shall substitute only the [crack cocaine] amendments . . . and . . . leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1) (2008); *see also* U.S.S.G. § 1B1.10, note 2.

**B. Request for Hearing**

Wright has also requested a hearing in this matter. Section 3582(c) motions can generally be decided without a hearing because the proceedings are limited in scope. *See* U.S.S.G. § 1B1.10(a)(3) ("[P]roceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not

constitute a full resentencing of the defendant."); *see also* FED. R. CRIM. P. 43(b)(4) (A defendant need not be present for a "proceeding [that] involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c).").

The Court has been provided with sufficient information in the record and by the parties to reach a determination on Wright's reduction without the necessity of a hearing.

**C.     Conclusion**

For the foregoing reasons, the Court determines that its previous Order sets forth an appropriate reduction of Wright's term of imprisonment. The Court will not conduct a hearing, nor conduct a review of Wright's Guideline determinations that were unaffected by the amendments to § 2D1.1 of the Guidelines.

The Court reduces Wright's term of imprisonment to 262 months on Counts 1, 5, 6, and 7, and 240 months on Count 4, to run concurrently. It is the intent of the Court that Wright serve a total of 262 months imprisonment. If this sentence is less than the amount of time that Wright has already served, the Court sentences him to "time served," and he should be released from custody of the Bureau of Prisons immediately. An Amended Judgment will issue separately.

MONROE, LOUISIANA, this 17th day of April, 2009.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE