RECEIVED
IN MONROE, LA

DEC 03 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOU.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. ACTION NO. 95-30024-02 |
| VERSUS | JUDGE ROBERT G. JAMES |
| WELTON WRIGHT | MAG. JUDGE KAREN L. HAYES |

### MEMORANDUM ORDER

On April 17, 2009, after the amendments to the United States Sentencing Commission Guidelines for crack cocaine and pursuant to 18 U.S.C. § 3582(c)(2), the Court issued a Ruling and Judgment [Doc. Nos. 644 & 645] reducing Defendant Welton Wright's ("Wright") term of imprisonment from 324 months to 262 months. Wright appealed that sentence, but his appeal was dismissed as untimely. He is currently serving his reduced term of imprisonment of 262 months.

After his appeal was dismissed, on December 22, 2009, Wright submitted a letter to Chambers which was titled "Motion for Reconsideration," which was in fact a request for compassionate release based on his age, the health of his elderly mother, his "spotless" prison record, and his status as a minister and teacher. [Doc. No. 664]. Wright also argued that it was only a matter of time before the Guidelines for crack cocaine are reduced to the same as those for powder cocaine, and the Court should rely on the future reduction to release him.

On February 10, 2010, the Court issued an Order [Doc. No. 670] denying Wright's motion. With regard to the potential reduction in the Guidelines for crack cocaine, the Court found it did not have inherent authority or authority under 18 U.S.C. § 3582(c)(2) or any other statute to reduce Wright's term of imprisonment to time served. With regard to his request for compassionate release, the Court found that such a release can be secured under 18 U.S.C. § 3582(c)(1)(A) only if he has

exhausted his administrative remedies with the Bureau of Prisons, and the Bureau of Prisons files a motion on his behalf. Under 28 U.S.C. § 2241, Wright could also obtain release if he were in custody in violation of the Constitution or laws or treaties of the United States, but there were no facts to suggest that Wright's custody met this criteria either.

Now Wright comes before the Court again. This time he has filed a "Motion Pursuant to 3582 Motion of Reconsideration" [Doc. No. 676]. Wright contends recent amendments to the Guidelines "make it easier for federal Judges to consider criminal defendant's military service, age, mental and emotional conditions in determining more lenient prison sentences." [Doc. No. 676, p. 1]. Wright points out that his military service was not considered at his original sentencing. Additionally, Wright has now served fifteen years in prison, is sixty-four years of age, and has had no incident reports. Based on these considerations, he moves the Court to amend his term of imprisonment to time served and to order his release.

Wright is correct that the Guidelines were recently amended to allow the Court to consider age "if considerations based on age, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines." U.S.S.G. § 5H1.1. Likewise, the Court may consider a defendant's military service in the same manner. U.S.S.G. § 5H1.11. However, these amendments merely permit the Court, under the Guidelines, to consider characteristics that were not typically relevant in the past. The amendments were not made retroactive, so as to permit the Court to re-sentence Wright under 18 U.S.C. § 3582(c)(2). Wright has provided the Court with no authority, and the Court has found none, that would permit a further reduction in Wright's term of imprisonment.

For these reasons,

IT IS HEREBY ORDERED that Wright's Motion for Reconsideration [Doc. No. 676] is

DENIED.

MONROE, LOUISIANA, this ⎯⎯3⎯⎯ day of ⎯⎯December⎯⎯, 2010.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE